UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARI LORCH,

                Plaintiff,

-against-

RANDELL DAVID OLMSTEAD,

                Defendant.

22-CV-8672 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is presently residing in New York City, filed this *pro se* action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. She sues Randell David Olmstead, whom she identifies as a resident of Fort Myers, Florida. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Florida

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Here, the underlying claims do not appear to have any connection to the Southern District of New York. Plaintiff does not clearly state her claims, but she indicates that a substantial part of

the events or omissions giving rise to her claims occurred in several states, including Florida. Further, she sues Defendant Olmstead, whom she alleges reside in Fort Myers, Florida, which is located in Lee County within the Middle District of Florida. S*ee* 28 U.S.C. § 89(b). Thus, the Middle District of Florida appears to be a proper venue for this action under Section 1391(b)(1).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff sues a defendant located in Fort Myers, Florida, and she alleges that a substantial part of the events or omissions giving rise to her claims occurred in Florida, in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Florida. *See* § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 16, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge